IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:21-CV-141-GCM

| | |
|---|---|
| CHERYL WILLIAMS, )<br>      Plaintiff, )<br>)<br>    vs. )<br>)<br>KILOLO KIJAKAZI, )<br>**Acting Commissioner of Social** )<br>**Security,** )<br>      Defendant. )<br>                              ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 15) and Defendant's Motion for Summary Judgment (Doc. No. 20), as well as the Parties' briefs and exhibits.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will <u>deny</u> Plaintiff's Motion for Summary Judgment; <u>grant</u> Defendant's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

**I.** <u>**PROCEDURAL HISTORY**</u>

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on May 21, 2021. She assigns error to the Administrative Law Judge's formulation of her Residual Functional Capacity ("RFC").[1] She also contends that the ALJ's decision was constitutionally defective.

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

1

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so

2

long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time.[2] The Court has carefully reviewed the record, the authorities and the Parties' arguments. The ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence.

Plaintiff argues that SSA's decision denying her disability benefits claim was constitutionally defective because the Social Security Act provision that limits the President's authority to remove the Presidentially-appointed, Senate-confirmed Commissioner of Social Security without good cause, 42 U.S.C. § 902(a)(3), violates the separation of powers. However, as the Supreme Court recently explained in *Collins v. Yellen*, 141 S. Ct. 1761, 1787-89 (2021), even where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction actually caused her harm. Plaintiff herein offers no evidence to demonstrate a nexus between Section 902(a)(3)'s removal restriction and the denial of her benefits claim.

Plaintiff also challenges the ALJ's appointment, arguing that the ratification of his appointment by the then-Acting Commissioner Berryhill was *ultra vires*. Plaintiff contends that Berryhill's tenure under the Federal Vacancies Reform Act ("FVRA") expired before she ratified the appointment of ALJ Pottinger, and therefore Berryhill had no authority to take this action.

---

[2] Under the Social Security Act, 42 U.S.C. § 301, *et seq*., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> *Pass v. Chater*, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

The FVRA prescribes time limits for acting service in 5 U.S.C. § 3346. An acting official serving under the FVRA may serve "for no longer than 210 days beginning on the date the vacancy occurs; or . . . once a first or second nomination for the office is submitted to the Senate, from the date of such nomination for the period that the nomination is pending in the Senate." 5 U.S.C. § 3346(a)(1)-(2). For vacancies existing during the first 60 days after a Presidential transition (as occurred in 2017), the 210-day period runs from the later of 90 days after inauguration or 90 days after the date of the vacancy. *Id*. § 3349a(b). If a first nomination does not result in a confirmation, an acting official may serve for another 210 days (§ 3346(b)(1)), and during the pendency of a second nomination (§ 3346(b)(2)(A)). If the second nomination fails, then an acting official may serve for another 210 days (§ 3346(b)(2)(B)).

The FVRA also provides an enforcement provision in 5 U.S.C. § 3348. "Unless" an acting official "is performing the functions and duties" of the vacant office "in accordance with sections 3345, 3346, and 3347," the "office shall remain vacant" and only the head of the agency may perform the non-delegable duties of the vacant office. 5 U.S.C. § 3348(b)(1)-(2).

Nancy Berryhill, then the Deputy Commissioner of Operations for SSA, was designated Acting Commissioner on January 21, 2017, and served until November 16, 2017, when the initial 210-day period for acting service expired. On April 17, 2018, President Trump nominated Andrew Saul to be the Commissioner of SSA. Upon submission of the nomination, Ms. Berryhill resumed her service as Acting Commissioner during the nomination's pendency pursuant to 5 U.S.C. § 3346(a)(2), and served until Mr. Saul was sworn in as Commissioner. On July 16, 2018, Acting Commissioner Berryhill ratified the appointments of all SSA ALJs and approved them as her own.

4

Plaintiff urges the Court to rely on *Brian T.D. v. Kijakazi*, No. 19-cv-2542 (DTS), 2022 WL 179540 (D. Minn. Jan. 20, 2022), *appeal filed*, No. 22-1601 (8th Cir. Mar. 22, 2022), in which a district court concluded that because the initial 210-day acting service period lapsed before the submission of Mr. Saul's nomination in April 2018, Ms. Berryhill could not serve as Acting Commissioner during the pendency of his nomination and thus could not lawfully ratify and approve the appointments of SSA ALJs as her own. *Brian T.D.*, however, is an outlier that conflicts with the plain text of the FVRA, nearly every other court to address the issue, as well as the views of the Executive Branch and Legislative Branch—all of which agree that § 3346(a)(2) permits an acting official serving under the FVRA to serve during the pendency of a first or second nomination even when that nomination was submitted after the initial 210-day period for acting service has expired.

Statutory interpretation "begins with the text." *Ross v. Blake*, 578 U.S. 632, 638 (2016). Here, the text of § 3346(a)(2) is plain. Section 3346(a) provides that an acting official who is serving under the FVRA may serve "for no longer than 210 days" from the date of the vacancy, "*or*," 5 U.S.C. § 3346(a)(1) (emphasis added), "once a first or second nomination for the office is submitted to the Senate . . . for the period that the nomination is pending in the Senate." *Id*. at § 3346(a)(2). By using the disjunctive "or," the FVRA provides for acting service during either or both of two periods: (1) for 210 days after the vacancy, or (2) during the pendency of a first or second nomination.  It provides a single trigger for permissible service during a first or second nomination's pendency: the submission of the nomination. Thus, under § 3346(a)(2)'s plain text, "once" Mr. Saul's "nomination for the office" of Commissioner "[wa]s submitted to the Senate," Ms. Berryhill could serve "for the period that the nomination [wa]s pending in the Senate." *Id*.

5

Case 1:21-cv-00141-GCM   Document 23   Filed 06/15/22   Page 5 of 8

Tellingly, the actual text of the statute does not mention any requirement that a nomination be submitted within the initial 210-day period. The statute simply says that "*once* a first or second nomination . . . is submitted," the acting official designated under the FVRA may serve "for the period that the nomination is pending." 5 U.S.C. § 3346(a)(2) (emphasis added). Congress certainly could have chosen to condition such service on the submission of a nomination within 210 days, but it did not. The Court must "resist reading words . . . into a statute that do not appear on its face." *Dean v. United States*, 556 U.S. 568, 572 (2009) (cleaned up).

The great majority of courts that have addressed this issue agree that § 3346(a)(2) "contains a 'spring-back' provision that enabled Ms. Berryhill to resume her role as Acting Commissioner as of the date that Andrew Saul was nominated for Commissioner in April 2018." *Thomas S. v. Comm'r*, No. C21-05213-MAT, 2022 WL 268844, at *3 n.2 (W.D. Wash. Jan. 28, 2022); *see also Reuter v. Saul*, No. 19-CV-2053-LRR, 2020 WL 7222109, at *15 n.11 (N.D. Iowa May 29, 2020), *adopted by* 2020 WL 6161405, at *6 (N.D. Iowa Oct. 21, 2020); *Nw. Immigrant Rts. Proj. v. U.S. Citizenship & Immigr. Servs.*, 496 F. Supp. 3d 31, 57-58 (D.D.C. 2020) (although "far more than 210 days passed" after resignation of permanent official before submission of nomination, a "separate provision of the FVRA permits an acting official to serve 'from the date of' a first nomination for the vacant office and 'for the period that the nomination is pending in the Senate,'" such that acting official could "lawfully serv[e] as Acting Secretary" upon submission of nomination).[3]

---

[3] *Accord Donta J. v. Saul*, No. 2:20-cv-131-RGD-DEM, 2021 WL 3705145, at *7 (E.D. Va. Apr. 2, 2021), *adopted by* 2021 WL 2711467 (E.D. Va. Jul. 1, 2021); *Austin v. Saul*, No. 19-CV-3017-CJW, 2020 WL 5229540, at *16 n.7 (N.D. Iowa May 12, 2020), *adopted by* 2020 WL 3100838 (N.D. Iowa June 11, 2020); *Heins v. Saul*, No. 19-CV-2043-LTS, 2020 WL 6052583, at *21 n.18 (N.D. Iowa June 11, 2020), *adopted by* 2020 WL 4369450 (N.D. Iowa July 30, 2020); *Taylor v. Saul*, No. 1:16-cv-00044, 2019 WL 3837975, at *4 (W.D. Va. Aug. 15, 2019); *Mark F. v. Berryhill*, No. 1:18-cv-02031-MJD-TWP, 2019 WL 1055098, at n.2 (S.D. Ind. Mar. 6, 2019); *Vickie H. v. Berryhill*,

Moreover, the legislative history and the views of the Executive Branch and Legislative Branch confirm that § 3346(a)(2) serves as a spring-back provision. The Senate Report accompanying the bill that became the FVRA explained that "[u]nder new section 3346(a)(2)," an acting officer could serve for 150 days[4] and "may serve while that nomination is pending . . . *even if the nomination is submitted after the 150 days has passed*." S. Rep. No. 105-250, at 14 (1998) (emphasis added). By contrast, "between the 151st day and the day the nomination is submitted," the office must remain vacant. *Id*. at 14; *see also id*. at 18. The Executive Branch has understood § 3346(a)(2) to operate this way since the FVRA's enactment. *See Guidance on Application of Federal Vacancies Reform Act of 1998*, 23 Op. O.L.C. 60, 68 (1999) (FVRA "permits an acting officer" to serve "again upon the submission of a nomination, even if the 210-day period expired before that nomination was submitted").

The Government Accountability Office—a non-partisan agency within the legislative Branch specifically tasked by Congress with monitoring the Executive Branch's compliance with § 3346 also agrees. *See*, *e.g*., *Violation of the 210-Day Limit Imposed by the Federal Vacancies Reform Act of 1998—Department of Energy, Director of Office of Science*, B-328888 (GAO Mar. 3, 2017) (acting official whose initial 210-days had expired "could resume her service . . . when the President submitted [a] nomination to the Senate"), *https://www.gao.gov/assets/b-328888.pdf*. Thus, the Executive and Legislative Branches agree that § 3346(a)(2) permits acting

---

No. 1:18-cv-00351-SEB-DLP, 2019 WL 1370700, at n.2 (S.D. Ind. Mar. 1, 2019), *adopted by* 2019 WL 1367537 (S.D. Ind. Mar. 26, 2019); *Charles K. v. Berryhill*, No. 1:18-cv-02013-JPH-DML, 2019 WL 667760, at n.2 (S.D. Ind. Feb. 15, 2019); *Lopez Davila v. Berryhill*, No. 17-cv-12212-ADB, 2018 WL 6704722, at *1 n.1 (D. Mass. Nov. 6, 2018); *Patterson v. Berryhill*, No. 2:18-cv-00193, 2018 WL 8367459, at *1 (W.D. Pa. June 14, 2018); *but see Richard J.M. v. Kijakazi*, No. 19-cv-827, 2022 WL 959914 (D. Minn. Mar. 30, 2022) (following *Brian T.D.*). Magistrate Judge Schultz has also ordered remands in two additional cases, incorporating by reference his ruling in *Brian T.D.*

[4] The acting service time limit was increased from 150 to 210 days in the FVRA's final version. *See* 5 U.S.C. § 3346(a).

service during the pendency of a first or second nomination without regard to when the nomination is submitted.

Based upon the foregoing, the Court is persuaded that the Plaintiff's argument is without merit.

## III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment (Doc. No. 15) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 20) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: June 14, 2022

Graham C. Mullen
United States District Judge